## In the Matter of John L. RYBOLT.

### No. 49S00–0103–DI–181.

Supreme Court of Indiana.

June 14, 2002.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent represented a client who, by contract, purchased a dump truck as a business asset. The seller retained title to the truck. After the truck was later damaged, the insurer settled for $12,000 and issued a check payable to the client, the seller, and the respondent. The seller repaired the truck, but the client was unsatisfied with the repairs. A dispute ensued. Rather than hold the settlement funds in trust until the dispute was resolved, the respondent negotiated the check on behalf of his client and the seller and gave most of proceeds to his client. In addition, the respondent used $1,575 of the insurance settlement, which he should have been holding for the seller and his client, to purchase a used automobile for himself.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.15(c), which provides that when a lawyer, during the course of a representation, has in his possession property in which both the lawyer and another person claim interest or where a dispute arises as to those interests, the lawyer shall keep the property separate until there is an accounting and severance of interests. He also violated Prof.Cond.R. 8.4(b) by committing the criminal act of conversion.

**Discipline:** This Court approves the agreed discipline and ORDERS that the respondent be suspended from the practice of law for a period of not less than one (1) year, beginning July 27, 2002, at the conclusion of which he may petition this Court for reinstatement. The Clerk of this Court is directed to forward notice of this order to the hearing officer and to the entities directed by Admis.Disc.R. 23(3)(d).

Costs of this proceeding are assessed against the respondent.

All Justices concur.